IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Case No. **3:21CR00007-001** |
| ) | |
| **FAHID RASHID,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, Fahid Rashid (hereinafter, "Rashid"), by counsel, and submits this memorandum in aid of sentencing having pled guilty to Counts One and Two of the Indictment pursuant to a plea agreement. In support of Rashid's request to impose the low end of the sentencing range contemplated by the plea agreement, the defendant states the following:

### BACKGROUND

On March 15, 2022, Rashid entered guilty pleas to Count One and Count Two of the Indictment pursuant to the terms of a written Rule 11(c)(1)(C) plea agreement. The Plea Agreement stipulates, among other things, that in exchange for the defendant's guilty plea to the two counts, he shall receive a sentence within the range of 96 months to 180 months. This Court accepted the guilty plea and plea agreement and thereupon ordered the completion of a presentence report.

Pursuant to 18 U.S.C. § 3553(c), Federal Rules of Criminal Procedure, and § 6A1.3 of the United States Sentencing Guidelines, Rashid, by counsel, hereby notifies this Honorable Court that he is in receipt of the Presentence Investigation Report prepared in this regard.

## ARGUMENT

**I.     Sentencing Authorities**

As this Court well knows, a district court should not determine the appropriate sentence by the mechanistic application of a given sentence to a given category of crime; rather, a sentencing court has the duty to ensure the sentence imposed is tailored to the individual before it. *Williams v. New York*, 337 U.S. 241, 247 (1949); *see also, United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)(citing *Gall v. United States*, 522 U.S. 38, 128 S.Ct.586, 597 (2007)("When rendering a sentence, the district court 'must make an *individualized* assessment based on the facts presented.'"). Indeed, with the watershed decision of *United States v. Booker*, 543 U.S. 220 (2005), the question of *whether* prison is *necessary* for a particular individual returns to a place of primacy in the sentencing decision. A court must impose the *minimum* term necessary to comply with the goals of sentencing, i.e., just punishment, deterrence, protection of the public and rehabilitation of the defendant, taking into consideration all factors set forth in 18 U.S.C. §3553(a); 18 U.S.C. § 3553(a)(2).

After considering the statutory sentencing factors and motions filed in this case, a sentence of 96 months is sufficient but not greater than necessary to satisfy the purposes of sentencing.

## CONCLUSION

For the foregoing reasons and for those reasons to be set forth at his hearing, Mr. Rashid asks the Court to impose a sentence that is at the low end of the agreed sentencing range.

                        Respectfully submitted,
                        Fahid Rashid
                        By Counsel

_____/s/_____
Michael T. Hemenway, VSB #29820
700 E. High Street
Charlottesville, VA  22902
Tel.: (434) 296-3812
Fax: (434) 293-3630
hemenwaylaw@aol.com

*Counsel for Fahid Rashid*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all parties.

_____/s/_____
Michael T. Hemenway, VSB #29820
Counsel for the Defendant